KATIE ALLEN and BEATRICE ALLEN, by Next Friend, KATIE ALLEN v. C. F. ALLEN et al.

Western Section.    June 22, 1928.

No petition for Certiorari was filed.

J. O. Bomer, Jr., of Memphis, for appellant.

Lee Winchester, Harry Adams and George S. Knapp, all of Memphis, for appellee.

OWEN, J.    The complainants have appealed from a decree dismissing their bill in the chancery court of Shelby county. The bill sought to recover $500 alleged to be due Katie Allen in her own right and as next friend of Beatrice Allen for the maintenance and support of Beatrice Allen, a child about seven years of age, it being alleged that the defendant was a nonresident of the state of Tennessee, and a resident of the state of Florida, and the Quaker Oats Company, a corporation of Memphis, Tennessee, was indebted to said C. F. Allen.    An attachment was prayed for and

granted. It was alleged that Beatrice Allen was the minor child of complainant and defendant; that the defendant had contributed nothing towards the support of said child for more than a year and that he was legally and morally obligated to support said child, and that Katie Allen had spent $500 in the maintenance and support of said child during the twelve months prior to the filing of complainant's bill.

The Quaker Oats Company answered, and admitted that they were indebted to C. F. Allen in the sum of $150 as salary, but that C. F. Allen was buying two shares of the Quaker Oats Company's preferred stock and had paid thereon $128 and that he owed a balance of $68.

C. F. Allen answered the bill, denying his liability and alleged that Katie Allen was not his legal and lawful wife.

During the pendency of the suit C. F. Allen died. No administrator being appointed, the Chancellor appointed Mr. George S. Knapp, a member of the Memphis bar, administrator ad litem, and he answered, putting in issue practically the same defense that had been stated in the answer filed by C. F. Allen.

It appears that the cause was submitted to a jury, and by consent the jury was composed of six men. Only one issue was submitted, viz: "Did C. F. Allen hold out to the public as his wife, complainant, Katie Allen?" The jury answered this issue "no." But three witnesses testified,—the complainant Katie Allen, her sister and her (Katie Allen's) attorney, Mr. J. O. Bomer, who was called by the defendant.

The uncontradicted evidence showed that complainant while a young girl in her teens agreed to marry C. F. Allen and after his proposal and her acceptance, he and she went on January 6, 1916, to an office at or near Main street and Calhoun, in the City of Memphis, where a ceremony of marriage was performed by a person represented to her by C. F. Allen to be a Justice of the Peace; that after said marriage they made their home as man and wife at different places in Memphis, and she gave the street address of said places; that in 1917 they moved to 224 Madison avenue, where they lived together as man and wife and operated a rooming house until 1923; that the defendant deserted her in 1923; that on May 20, 1917, Beatrice Allen was born as a result of this marriage, and for whose benefit this suit was instituted.

Complainant testified that the defendant wrote a letter to her father, a Mr. Taylor, advising her said father of their marriage; that from the time of the marriage until the decision in 1923 the defendant supported his wife and child. The complainant could not remember the name of the person represented to be the Justice of the Peace, nor his appearance.

Mrs. George M. Woods, a sister of the complainant, testified that she lived in Memphis from 1916; that she was almost daily in communication with her sister and made frequent visits to the complainant and that the defendant lived with complainant as his wife and that defendant treated complainant as his wife openly at said rooming house in said City of Memphis. Mr. J. O. Bomer testified for the defendant that he made a careful examination of the marriage license records of Memphis, Shelby county, Tennessee, during the year 1916, and was unable to find a license that was issued to C. F. Allen and Katie Allen to marry, and testified further that the records were poorly kept at that time and that the clerk frequently issued license and failed to properly record the same. This was all the evidence. It was written in narative form and very brief.

The complainant filed a motion for new trial, which was overruled, and was granted an appeal to this court, which was perfected and has assigned five errors. One of the errors is that the court should have granted a new trial because of newly-discovered evidence. This newly-discovered evidence consisted of letters written by the defendant to the complainant and which she had at the time of the trial but had failed to inform her counsel of such letters. The other four assignments of error raise but one proposition and that is, there is no material evidence to support the verdict of the jury and the judgment of the lower court.

We are of opinion that there is no evidence to support the verdict of the jury; that the jury could not arbitrarily disregard the testimony of complainant and her sister. The uncontradicted testimony is that the defendant openly held Katie Allen out as his wife at a boarding house or a rooming house which he and said Katie Allen conducted in Memphis, Tennessee. A rooming house or a boarding house is a public place. The complainant was in her teens when she married, and the fact that a young girl could not remember the name of the justice who married her or a description of his personal appearance, should not destroy her evidence. A Justice of the Peace had the right to perform a marriage ceremony. Shan. Code, Sec. 4189.

Except in bigamy and criminal conversation a marriage may be presumed from cohabitation and reputation. Moore v. Moore, 18 Pickle, 148; Smith v. Bank, 7 Cates 32.

When it is sought to charge them with civil liability growing out of the relation of marriage, cohabitation and the assumption of the relation of husband and wife, and holding themselves out to the public as such, will constitute a conclusive presumption of such relation. Johnson v. Johnson, 1st Coldw. 626; Jarnigan v. Jarnigan, 12 Lea, 293; Smith v. Bank, supra.

We are of opinion under the facts in this case that the defendant Allen and his administrator ad litem are estopped from denying the marriage of the defendant and the complainant and that they are estopped from denying the legitimacy of the child Beatrice Allen.

We are of opinion that, under the facts of this case, Beatrice Allen is a legitimate child and that C. F. Allen was liable for her maintenance and support.

It results that the first assignment of error is sustained. The other assignments become immaterial. The judgment of the lower court is reversed and a decree will be entered sustaining complainant's bill and awarding her a judgment as next friend of Beatrice Allen to the extent of the funds held by the Quaker Oats Company. We are not sure whether the Quaker Oats Company has two shares of preferred stock that Allen proposed to purchase, and to this end the cause will be remanded to the chancery court of Shelby county for the purpose of ascertaining, upon a reference, just what the Quaker Oats Company has besides the difference between the $150 and the $68.

Judgment will be entered against the administrator ad litem for the cost of the cause; however, out of the funds ascertained to be due from the Quaker Oats Company the administrator ad litem will be entitled to a nominal fee for his services in representing the estate of the deceased in this litigation,—not as attorney, but as administrator ad litem.

Heiskell and Senter, JJ., concur.